IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLARENCE BYRON CARTER II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv846-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by federal inmate Clarence Byron Carter II ("Carter").

**I.   BACKGROUND**

On September 12, 2007, Carter entered a blind plea of guilty to a three-count felony information charging him with production of child pornography in violation of 18 U.S.C. § 2251(a) (Count 1); receipt or distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count 2); and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 3).[1]  Following a sentencing hearing on January 23, 2008, the district court sentenced Carter to a total of 45 years in prison.[2]

---

[1]The felony information corrected dates alleged in an indictment that was returned against Carter in April 2006.

[2]The Sentencing Guidelines calculations for Counts 1 through 3, by which Carter was found
(continued...)

Carter appealed to the Eleventh Circuit, arguing that (1) the district court erred in enhancing his sentence pursuant to both U.S.S.G. § 2G2.2(b)(3)(F) and U.S.S.G. § 2G2.2(b)(6) because applying both enhancements punished him twice for the same conduct; (2) the district court should not have enhanced his sentence based on a "pattern of activity"; and (3) the district court should not have applied his sentences consecutively. The Eleventh Circuit rejected each of Carter's claims and affirmed his sentence. *United States v. Carter*, [No. 08-10443] 292 Fed.Appx. 16 (11th Cir. Aug. 27, 2008) (unpublished). Carter did not seek certiorari review in the United States Supreme Court.

On September 4, 2009, Carter filed this § 2255 motion, in which he asserts the following claims:

> 1. His sentence based on judicial factfinding violated the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), and the enhancement of his sentence based on such judicial factfinding under a preponderance of the evidence standard violated the Due Process Clause.
>
> 2. His counsel rendered ineffective assistance in the following ways:
>
>    a. Counsel failed to argue that his sentence based on judicial factfinding violated the principles of

---

[2](...continued)
to have an offense level of 45 and a criminal history category of I, resulted in a recommended sentence of life imprisonment. The statutory maximums, however, limited the sentences to not more than 20 years for Count 1, not more than 15 years for Count 2, and not more than 10 years for Count 3. Because the total punishment recommended under the Sentencing Guidelines exceeded the statutory maximums, the court imposed the sentences for the three counts (the statutory maximum for each count) to run consecutively, rather than concurrently.

2

        *Apprendi* and *Booker*; that the Sentencing Guidelines were "unconstitutional *ab initio*"; and that the enhancement of his sentence based on judicial factfinding under a preponderance of the evidence standard violated the Due Process Clause.

    b.    Counsel advised him, incorrectly, that each of his convictions could possibly be treated as a "prior conviction" for the purpose of imposing statutory sentencing enhancements, and such incorrect advice of counsel rendered his guilty plea involuntary.

    c.    Counsel failed to inform him that the sentences imposed for his convictions could run consecutively, rendering his guilty plea involuntary.

    d.    Counsel failed to argue mitigation at sentencing on the theory that the behavior to which he pled guilty was "aberrant behavior" in an otherwise law-abiding life.

    e.    Counsel failed to object to the use of the 2007 Guidelines Manual at his sentencing.

The government answers that Carter's substantive *Apprendi/Booker* claim is procedurally barred because he did not raise it on direct appeal, and that his claims of ineffective assistance of counsel lack merit. (Doc. No. 10.) Carter was afforded an opportunity to reply to the government's answer and did so. (Doc. No. 17.) After due consideration of Carter's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States*

*District Courts*, the motion should be denied.

## II.  DISCUSSION

**A.    Substantive Claim Not Raised on Direct Appeal**

Carter contends that his sentence based on judicial factfinding violated the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), and that the enhancement of his sentence based on such judicial factfinding under a preponderance of the evidence standard violated the Due Process Clause. (Doc. No. 1 at p. 6; Doc. No. 2 at pp. 8-9 & 27-40.) Carter did not raise this claim on direct appeal. Ordinarily, if an available claim is not advanced on appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A petitioner can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055. Carter appears to assert the ineffective assistance of counsel as cause for his failure to raise this claim as well as asserting an independent allegation of ineffective assistance of counsel premised on the same arguments. Consequently, this court will review the merits of Carter's substantive claim in this regard below in its discussion of Carter's various allegations of ineffective assistance of counsel.

**B.    Ineffective Assistance of Counsel**

### *1.  Standard of Review*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy both prongs of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a petitioner to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687). In any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000); *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were

known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court

decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong, the court need not address the performance prong.").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

> *1.   Counsel's Failure to Raise Apprendi/Booker Claim and to Challenge Constitutionality of Sentencing Guidelines and Sentencing Based on Judicial Factfinding under Preponderance of Evidence Standard*

Carter asserts that his counsel rendered ineffective assistance by failing to argue that his sentence based on judicial factfinding violated the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005); that the Sentencing Guidelines were "unconstitutional *ab initio*"; and that the enhancement of his sentence based on judicial factfinding under a preponderance of the evidence standard violated the Due

7

Process Clause.³ (Doc. No. 1 at p. 6-7; Doc. No. 2 at pp. 8-9, 27 & 39-40.)

The thrust of Carter's argument appears to be that the district court violated the Due Process Clause by adopting factual findings that enhanced his sentence based on a preponderance of the evidence standard, rather than requiring proof beyond a reasonable doubt. Even after *Booker*, however, a district court may properly make factual findings concerning sentencing factors by a preponderance of the evidence. *See United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005); *United States v. Rodriguez*, 398 F.3d 1291, 1300-01 (11th Cir. 2005). In *Rodriguez*, the Eleventh Circuit clarified that *Booker* error "is not that there were extra-verdict enhancements – enhancement based on facts found by the judge that were not admitted by the defendant or established by the jury verdict – that led to an increase in the defendant's sentence. The error is that there were extra-verdict enhancements used in a *mandatory* guidelines system." 398 F.3d at 1300 (emphasis added). As the court in *Rodriguez* explained, "all nine [justices in *Booker*] agreed that the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional." *Id*. at 1301; *see also, e.g., United States v. Gallimore*, 304 Fed. Appx. 817, 818-19 (11th Cir.

---

³In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Booker*, the Supreme Court held that the Sentencing Guidelines violate the Sixth Amendment right to a trial by jury to the extent that they permit a judge, under a mandatory guidelines system, to increase a defendant's sentence based on facts that are neither found by the jury nor admitted by the defendant. 543 U.S. at 244. To remedy this violation, the Court excised two specific provisions of the Sentencing Reform Act of 1984, thereby rendering the Sentencing Guidelines "effectively advisory." *Id*. at 245-46. As a result, a sentencing court must still "consider Guidelines ranges," but it may "tailor the sentence in light of other statutory concerns as well." *Id*.

2008) (unpublished). Thus, the Sentencing Guidelines are not unconstitutional where they are applied in an advisory fashion. *Chau*, 426 F.3d 1323-24 (holding that "[n]othing in *Booker* is to the contrary" of a district court decision to base sentence enhancements, under an advisory guidelines scheme, on facts found by a preponderance of the evidence that were not charged in the indictment).

At Carter's sentencing, the district court explicitly recognized that its application of the Sentencing Guidelines was advisory and considered other sentencing factors, as mandated by 18 U.S.C. § 3553(a). (*Sentencing Hearing*, Gov. Exh. 10, at p. 46 & 57-59.) Thus, the court did not violate *Booker* (or *Apprendi*) by enhancing Carter's sentence based on judicial factfinding under a preponderance of the evidence standard, and Carter's counsel was not ineffective for failing to object on this ground or to challenge the constitutionality of the Sentencing Guidelines. Counsel is not ineffective for failing to raise a meritless claim. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Carter is not entitled to any relief based on this claim.

### 2. *Counsel's Advice Regarding Possible Statutory Enhancements*

Carter contends that his counsel provided ineffective assistance by advising him, incorrectly, that each of his convictions could possibly be treated as a "prior conviction" for the purpose of imposing statutory sentencing enhancements. He maintains that his counsel's incorrect advice in this regard rendered his guilty plea involuntary because, he says, if he had been properly advised of his sentencing exposure, he would not have pled guilty but instead

9

would have insisted on going to trial. (Doc. No. 1 at p. 5; Doc. No. 2 at pp. 16-27.)

As indicated above, Carter pled guilty to the production of child pornography in violation of 18 U.S.C. § 2251(a) (Count 1); receipt or distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count 2); and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 3). When Carter committed the offense charged in Count 1, a violation of § 2251(a) was punishable by a term of imprisonment of not less than 10 years nor more than 20 years. *See* 18 U.S.C. § 2251(d) (1998) (amended 2008). A second conviction under the same chapter, or for another offense involving sexual exploitation or abuse of children, was punishable by a term of imprisonment of not less than 15 years nor more than 30 years, and a third such conviction was punishable by not less than 30 years nor more than life in prison. *Id*.

When Carter committed the offense charged in Count 2, a violation of § 2252(a)(2) was punishable by a term of imprisonment of not more than 15 years, unless the defendant had a prior conviction under the same chapter or for any other offense involving sexual exploitation or abuse of children, in which case the term of imprisonment was not less than 5 years nor more than 30 years. *See* 18 U.S.C.§ 2252(b)(1) (1998) (amended 2008).

When Carter committed the offense charged in Count 3, a violation of § 2252A(a)(5)(B) was punishable by a term of imprisonment of not more than 10 years, unless the defendant had a prior conviction under the same chapter or for any other offense involving sexual exploitation or abuse of children, in which case the term of imprisonment

was not less than 10 years nor more than 20 years.  *See* 18 U.S.C. § 2252A(b)(2) (2003) (amended 2009).

At the change of plea hearing, the court advised Carter of the applicable statutory minimum and maximum penalties for each count and further set forth the above-noted statutory enhancements for each count where there are prior convictions.[4]  (*Change of Plea Hearing*, Gov. Exh. 7, at pp. 7-10.)  Carter contends that, prior to entry of his guilty plea, his counsel advised him that each of his convictions in the instant case was subject to being treated as a "prior conviction" for the purpose of imposing the statutory enhancements, so that he feared being sentenced for up to life in prison if convicted of the three counts in the felony information.  He maintains that his counsel's advice in this regard was erroneous, and that but for such erroneous advice, he would not have pled guilty but instead would have insisted on going to trial.  (Doc. No. 2 at pp. 20-23.)

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  It therefore falls

---

[4]Prior to advising Carter of the possible penalties, the court asked the prosecutor why the government's limits-of-punishment memorandum listed various degrees of punishment "depending upon whether this is a first, second or third conviction." (*Change of Plea Hearing*, Gov. Exh. 7, at p. 2.)  The prosecutor explained as follows:

> Your Honor, the reason they are listed is as of this date, to the Government's knowledge, Mr. Carter does not have any prior criminal felony convictions.  The alternate limits of punishment are because the code section provides otherwise for subsequent convictions, and it would depend on how the court views them.

(*Id*. at pp. 2-3.)

11

upon a petitioner alleging ineffective assistance in this context to establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. In other words, to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id*.

Here, the court finds that Carter fails to establish that his counsel's performance was deficient. At the change of plea hearing, Carter's counsel stated to the court:

> There are some issues involving whether these various counts can be used as successive or substantive prior conviction to aggravate the sentencing. I think that's an issue that may be present on appeal or on the way up on appeal.

(*Change of Plea Hearing*, Gov. Exh. 7, at p. 5.) It is evident from counsel's statement to the court that he considered the law to be unsettled on the question of whether or not each of Carter's convictions in the instant case was subject to being treated as a "prior conviction" for the purpose of imposing the statutory sentencing enhancements. Consequently, counsel had cautioned Carter that his convictions might be subject to the enhanced sentences.[5] Considering counsel's perspective of the law based on the facts as they were known to him at the time of Carter's plea, counsel's actions were not professionally unreasonable. The question of whether a conviction for transportation of child pornography under 18 U.S.C. § 2252A(a)(1) qualifies as a "prior conviction" for the purpose of enhancing the sentence

---

[5]It is apparent from the government's limits-of-punishment memorandum that the government considered enhanced punishment on this basis to be a possibility as well.

for a conviction of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) was not settled in this circuit until three months *after* Carter's plea, in *United States v. King*, 509 F.3d 1338 (11th 2007), where the Eleventh Circuit held that a conviction under § 2252A(a)(1) could not be used to enhance the sentence for a conviction under § 2252A(a)(5)(B) where both convictions, though separate, were entered at the same time. *See* 509 F.3d at 1343. Specifically, the court held that the qualifying "prior conviction" must occur before the conduct constituting the second offense.[6] *Id*. Because there was no binding Eleventh Circuit authority regarding the manner in which the statutory enhancements for prior convictions were to be applied when Carter entered his guilty plea, his counsel's performance cannot be deemed deficient for cautioning Carter of the possibility that the enhancements might be applied in his case. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

Moreover, the court finds that Carter fails to establish that his counsel's allegedly deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. In evaluating claims of ineffective assistance of counsel in the context of guilty pleas, a mere allegation by a defendant that he would have insisted on going to trial but for counsel's

---

[6]Although the Eleventh Circuit's decision in *King* was released after Carter entered his guilty plea, it was released prior to his sentencing hearing. The statutory enhancement for prior convictions were not applied to Carter's sentence.

13

errors, although required, is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990). Carter maintains that because of his counsel's advice regarding the possible application of the statutory sentencing enhancements, he feared being sentenced for up to life in prison if convicted of the three counts he was charged with, and therefore he pled guilty rather than proceeding to trial. However, the record reflects that Carter, by his own choice, entered a blind plea of guilty to all three counts. Under the circumstances, Carter cannot show he had an objective basis for believing that his sentencing exposure, as far as possible application of the statutory enhancements, would have been greater if he proceeded to trial and was convicted than it was by entering a blind plea of guilty to all counts with no agreement in place as to his sentence or the applicability of the statutory enhancements to his sentence. Thus, this court rejects Carter's suggestion that his counsel's advice about the possible application of the statutory enhancements upon his conviction motivated him to forego a trial on the charges and to instead enter a blind plea of guilty. For ths reason and the reasons previously stated, Carter is not entitled to any relief based on this claim of ineffective assistance of counsel.

    *3.    Failure to Inform Carter That Sentences Could Run Consecutively*

Carter asserts that his counsel did not inform him that the sentences imposed for his convictions could run consecutively and that counsel's failure in this regard rendered his

guilty plea involuntary. (Doc. No. 1 at p. 5; Doc. No. 2 at pp. 24-27.) Carter's recommended punishment under the Sentencing Guidelines was life in prison. Carter's trial counsel, Richard K. Keith, filed an affidavit in which he avers, in relevant part, as follows:

> ... Carter claims I did not advise him of the penalty provided by Statute should he plead guilty or proceed to trial.
>
> Carter's claim that I did not properly advise him of the sentencing range by statute and per the sentencing guidelines is entirely untrue. His former attorney (Hon. Kevin Butler) explained the penalty he was facing. I did as well. I spent plenty of time on numerous occasions explaining to the Defendant that fact that he was facing 45 years by Statute (20 years on the production, 15 years on the distribution, and 10 years on the possession.
>
> ... Carter also appears to claim that he was not aware of the consecutive nature of the sentencing he was facing.
>
> Carter was thoroughly explained the consecutive nature of the sentencing he was facing with either a plea or a trial. My repeated recommendation to Mr. Carter was that he proceed to trial and not plea to a likely 45 year sentence.
>
> I prepared this case for trial and simultaneously attempted to negotiate a plea agreement with the United States Attorney Tommie Hardwick. A 27 year sentence was negotiated and made available to the Defendant should he plea. The Defendant rejected the plea agreement and demanded that he plea "blind," as he did not want to proceed with a trial or take a 27 year plea bargain sentence. The Defendant's rationale for the blind plea as he explained it was that he believed Judge Thompson would sentence him to a sentence lower than 27 years.
>
> I spent numerous hours negotiating the plea agreement and in trying to convince the Defendant to accept it. The evidence was overwhelming and inflammatory against Carter.

(*Affidavit of Richard K. Keith*, Doc. No. 7, at pp. 1-2.)

In his reply to the government's answer, and in his own affidavit filed after Mr. Keith

filed his affidavit, Carter does not contest Keith's statement that he advised Carter his sentences could run consecutively. (Doc. Nos. 17 & 17-1.) Weighing the cursory assertions in Carter's § 2255 motion against the sworn statements by Keith in his affidavit, and considering such matters in light of record as a whole, this court finds that Carter fails to establish that Keith rendered ineffective assistance in this regard.

Moreover, the Eleventh Circuit has stated that FED.R.CRIM.P. 11 does not require that a defendant be informed that his sentences will run consecutively in order for a guilty plea to be knowingly and voluntarily entered. *United States v. Humphrey*, 164 F.3d 585, 587-88 (11th Cir. 1999). *See also United States v. Saldana*, 505 F.2d 628 (5th Cir. 1974); *United States v. Oliver*, 281 Fed.Appx. 898, 900 n.3 (11th Cir. 2008) (unpublished). The transcript of the change of plea hearing reflects that Carter was fully advised of the statutory maximum sentence for each count he pled to, and that Carter stated he understood the maximum sentences. (*Change of Plea Hearing*, Gov. Exh. 7, at pp. 7-10.) Consequently, Carter is not entitled to any relief based on this allegation of ineffective assistance of counsel.

### 4. *Counsel's Failure to Argue "Aberrant Behavior" Mitigation at Sentencing*

Carter contends that his counsel was ineffective for failing to argue mitigation at sentencing on the theory that the behavior to which he pled guilty was "aberrant behavior" in an otherwise law-abiding life. (Doc. No. 2 at p. 8; Doc. No. 17-1 at p. 3.)

Pursuant to a Policy Statement set forth at U.S.S.G. § 5K2.20, a district court may depart downward at sentencing "if the defendant committed a single criminal occurrence or

16

single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represent a marked deviation by the defendant from an otherwise law-abiding life." § U.S.S.G. 5K2.20(b).  Although Carter had no prior arrests or convictions, the *multiple* offenses to which he pled guilty in this case were committed with significant planning, over a significant period of time.  Under the circumstances, he was disqualified from consideration for an aberrant behavior departure.  Indeed, his engagement in multiple instances of criminal activity in the instant case were found to be significant enough to rise to the level of a "pattern of activity," according to which the district court applied a sentence enhancement under U.S.S.G. § 2G2.2.  Carter was not entitled to an aberrant behavior departure, and his counsel was not ineffective for failing to seek sentencing mitigation on this basis.[7]  As noted above, counsel is not ineffective for failing to raise a meritless claim.  *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

### 5. *Counsel's Failure to Object to Use of 2007 Guidelines Manual at Sentencing*

Carter contends that his counsel rendered ineffective assistance by failing to object to the use of the 2007 Guidelines Manual at his sentencing.  He maintains that because the latest of the acts of which he was convicted extended only into February 2005, his counsel

---

[7]At the sentencing hearing, Carter's counsel did urge the district court to vary downward in its imposition of Carter's sentence based on, among other things, "the fact ... that he's got no prior criminal activity or history for sentencing purposes." (*Sentencing Hearing*, Gov. Exh. 10, at 48-49.)

should have urged the court to use the 2004 Guidelines Manual in his case.[8] (Doc. No. 1 at p. 8; Doc. No. 2 at p. 40.) However, as applied to the facts of Carter's case, there is no distinction between the 2004 Guidelines Manual and the 2007 Guidelines Manual. Calculation of Carter's advisory guidelines range using the 2004 manual would have resulted in the same advisory guidelines range as determined by using the 2007 manual. Because Carter cannot show that he was prejudiced by the court's use of the 2007 Guidelines Manual at sentencing, he is not entitled to any relief based on this claim of ineffective assistance of counsel.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Carter be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **June 9, 2011.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal

---

[8]The 200**5** Guidelines Manual was not effective until November 1, 2005.

factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 26th day of May, 2011.

                                      /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE